**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RAVON JETER, Sr.,

    Plaintiff,

v.

FAISAL V. AHMED, et al.,

    Defendants.

Case No. 1:13-cv-244

Weber, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated in the Southern Ohio Correctional Facility in Lucasville, Ohio and proceeding *pro se,* filed this lawsuit against various employees of the prison and the Ohio Department of Rehabilitation and Correction ("ODRC"), including Health Care Supervisor Rosie Clagg and ODRC Assistant Chief Medical Inspector Mona Parks.  (Doc. 3, Complaint at 8)  On April 19, 2013, the Court reviewed Plaintiff's claims under the screening standards of 28 U.S.C. §§1915(e) and 1915A, and directed summons to issue to Defendants Dr. Ahmed, Mrs. Lapushansky, Nurse Carter, Rosie Clagg, Doctor Kline, and Mona Parks, for claims of deliberate indifference to serious medical needs and/or cruel and unusual punishment. (Doc. 4).  An additional claim against Defendant Lt. Sample was severed and transferred to the Northern District of Ohio.  (Doc. 4 at 4-5).

Four Defendants answered the complaint.  (Doc. 7).  However, in lieu of filing an answer, Defendants Clagg and Parks have moved to dismiss (Doc. 8) based upon a failure to state a claim against them.  Plaintiff has filed a response in opposition to

Defendants' motion (Doc. 9). For the reasons that follow, Defendants' motion should be granted.

## I. Allegations Against Defendants Clagg and Parks

In its initial review of Plaintiff's complaint, the Court construed Plaintiff's allegations as claiming that Defendants Clagg and Parks "are involved in a state 'conspiracy to deny medical treatment' with deliberate indifference to inmates' serious medical needs by exhibiting bias in prison grievance proceedings and 'always rul[ing] in favor of the doctor and never discipline[ing] corrupt doctors as long as they do what th[ey're] told to reduce cost [and] deny treatment.'" (Doc. 4 at 3, quoting Doc. 3, Complaint at 8). The specific allegation against either Clagg or Parks is that both Defendants routinely denied grievances, based upon their alleged bias in favor of medical personnel and against the inmates in such matters. Plaintiff states that he is suing each named Defendant both individually and in their official capacities. He seeks $450,000.00 in monetary damages against all Defendants, as well as injunctive relief.

## II. Defendants' Motion to Dismiss

In order to state a claim upon which relief can be granted, a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," meaning that it must nudge the claims "across the line from conceivable to plausible." *Id.* at 540; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Defendants argue persuasively that the allegations against them are insufficient to plead anything "more than an unadorned, the-defendant-unlawfully-harmed-me

2

accusation," which is legally insufficient under the requisite standard. See *Iqbal*, 556 U.S. at 678.

>Plaintiff alleges Defendants Clagg and Parks:
>
>are involved in conspiracy to deny medical treatment and deliberate indifference to serious medical needs [and] conspiracy to obstruct justice (due course of justice). It's a pattern of abuse these inspectors are biased towards prisoner grievance and always rule in favor of the doctor and never discipline corrupt doctors as long as they do what there [sic] told to reduce cost deny treatment for the budget cuts and they in turn work the buddy system all grievances get denied and affirmed. This happen to me false reports and biased investigations as a result no one can stop the medical and as a result my medication and leg braces gone and Rosie Clagg and Mona Parks said medical can allow me to suffer in pain and take pain medication and leg brace and leave sharp metal inside my stomach. So they do act under color of state law and give the Doctors and medical power to deny treatment and let us suffer (with evil intent).

(Doc. 3 at 8, grammatical errors uncorrected).

The undersigned agrees that these allegations fail to state a claim against Clagg or Parks. Aside from a cursory allegation that "[t]his happen[ed] to me" on some unidentified date, and with respect to an unidentified complaint concerning his medical care, the bulk of Plaintiff's allegations against Clagg and Parks involve general complaints of bias in the system pertaining to unidentified complaints by other inmates. However, responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. §1983. *See Shehee v. Luttrell*, 199 F.3d 296, 300 (6th Cir. 1999)(denial of grievance concerning alleged retaliation stated no more than a claim based upon *respondeat superior,* where defendants did not participate directly in alleged retaliatory conduct); *Barnett v. Luttrell*, 414 Fed. Appx. 784, 787 (6th Cir. 2011)("Prison officials are not liable under §1983 for denying or failing to act on grievances.").

Summons was served only on Plaintiff's claim for deliberate indifference to his serious medical needs, but Plaintiff has failed to allege any direct involvement by either Defendants Clagg or Parks in the alleged denial of medical treatment to him, other than their (possible) denial of one or more grievances concerning that treatment.[1] "[A] complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan,* 41 Fed. Appx. 762, 764 (6th Cir. 2002). Here, there is no allegation that Defendants Clagg or Parks actually participated personally in the alleged denial of medical care; neither Defendant is alleged to have personally exhibited deliberate indifference to Plaintiff's serious medical need. Defendants cannot be held indirectly liable under the Eighth Amendment for deliberate indifference to Plaintiff's serious medical need based on their allegedly biased participation in the grievance process.

As stated, rather than alleging direct involvement in his medical care, Plaintiff alleges that Clagg and Parks should be held liable based upon their denial of one or more grievances. To the extent that Plaintiff is attempting to bring a separate civil conspiracy claim against Defendants Clagg and Parks based upon their alleged bias during grievance proceedings, the Defendants remain entitled to dismissal, because Plaintiff's allegations are insufficient to state such a claim. In order to state a claim for civil conspiracy, a plaintiff must include more than vague and conclusory allegations, like the "bias" allegations asserted here. As this Court explained in *Anderson v. Cnty. of Hamilton*, 780 F. Supp. 2d 635, 652 (S.D. Ohio 2011):

---

[1] Based upon the allegation alone, it is not entirely clear that the grievance or grievances that Clagg and/or Parks denied pertained to the subject matter of this federal complaint. However, Ms. Parks' involvement in grievances pertaining to Plaintiff's underlying medical complaints is confirmed by reference to her signature on two "Decisions of Chief Inspector on a Grievance Appeal" forms, which are attached as exhibits to Plaintiff's complaint. (Doc. 3-1 at 1-4).

> A civil conspiracy is an agreement between two or more people to injure another individual by unlawful action. *See Collyer v. Darling,* 98 F.3d 211, 229 (6th Cir.1996), *cert. denied,* 520 U.S. 1267, 117 S.Ct. 2439, 138 L.Ed.2d 199 (1997). To state a claim for conspiracy to violate a right protected by § 1983, plaintiff must allege facts showing a single plan existed, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to him. *Id.* Moreover, plaintiff must allege facts showing not only an agreement by defendants to violate plaintiff's constitutional rights, but also an actual deprivation of a constitutional right. *Stone v. Holzberger,* 807 F.Supp. 1325, 1340 (S.D.Ohio 1992) (Spiegel, J.) ("plaintiff must allege and prove both a conspiracy and an actual deprivation of rights; mere proof of conspiracy is insufficient to establish a section 1983 claim"). In addition, "conspiracy claims must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983. Accordingly, pleading requirements governing civil conspiracies are relatively strict." *Fieger v. Cox,* 524 F.3d 770, 776 (6th Cir.2008) (internal citations and quotations omitted). Plaintiff must provide factual support respecting the material elements of his conspiracy claim. *See Moldowan v. City of Warren,* 578 F.3d 351, 395 (6th Cir.2009).

In *Anderson*, the Court held that the plaintiff's "vague and conclusory allegations of a conspiracy" were insufficient to state a claim for relief under § 1983. *Id.*

For similar reasons, Plaintiff's allegation that Defendants "always rule in favor of the doctor" is insufficient to state a civil conspiracy claim against the Defendants here. Even if Plaintiff had fleshed out his general assertion of bias with additional and specific details, his allegations would still be insufficient to state a claim of civil conspiracy. An alleged "conspiracy" to unfairly deny inmate grievances would not state a conspiracy to deny any constitutional right, since the "mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Correctional Medical Servs.*, 73 Fed. Appx. 839, 841 (6th Cir. 2003)(dismissing defendants upon initial screening, because the only allegation against them was that they participated in the denial of grievances concerning his complaints of inadequate medical care).

5

In addition, Defendants correctly point out that any claim against either of them in their official capacities is barred by the Eleventh Amendment. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008)(holding that a suit against a state official in his or her official capacity is a suit against the official's office); *see generally Will v. Mich. Dept. of State Police,* 491 U.S. 58, 64 (1989); *Lawson v. Shelby County*, 211 F.3d 331, 335 (6th Cir. 2000)(discussing Eleventh Amendment immunity as it applies to state officials).

Plaintiff's memorandum in opposition to Defendants' motion fails to address any of the well-supported legal grounds for dismissal of Defendants Clagg and Parks. Instead, Plaintiff has submitted argument ostensibly in "opposition to Defendants' *Summary Judgment*," in which he urges the Court to deny Defendants "*summary judgment* for qualified immunity." (Doc. 9 at 2, emphasis added). No Defendant has yet moved for summary judgment; the deadline for doing so is not scheduled to expire until February 27, 2014, following the close of discovery. In reviewing Plaintiff's opposition, the undersigned further notes that Plaintiff reiterates allegations against Defendants Dr. Ahmed, Nurse Carter, and a nonparty, "Ms. Gladd," concerning their alleged failure to provide him with adequate medical care. However, Plaintiff offers no argument or allegations concerning any actions by Defendants Clagg or Parks.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion to dismiss for failure to state a claim (Doc. 8) be **GRANTED,** and that all claims against Defendants Clagg and Parks be dismissed with prejudice. In accordance with the Order filed herewith, discovery should proceed on Plaintiff's claims against the remaining four Defendants.

                                        *s/ Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAVON JETER, Sr.,

    Plaintiff,

v.

FAISAL V. AHMED, et al.,

    Defendants.

Case No. 1:13-cv-244

Weber, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).